IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America *ex rel Bobby Knight*, | ) ) ) Civil Action No. 2:15-cv-03199-DCN-MGB |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| Jeh Charles Johnson, *Department of Homeland Security Secretary*, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

This matter is before the Court upon a "Notice of Removal" filed by Bobby Knight ("Knight"). (Dkt. No. 89.) The filing is postmarked on October 10, 2016, and stamped "received" by the Clerk's Office on October 14, 2016. (*See* Dkt. No. 89-2.)[1] In this filing, Knight attempts to remove a proceeding pending before the Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation. (*See generally* Dkt. No. 89.) More specifically, Knight attempts to remove Case No. 2015-5, *IN THE MATTER OF: CONSTRUCTION GROUP LLC, License No. CLG. 103920, and N. Bobby Knight, License No. CQG. 14035*, from the South Carolina Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation to the United States District Court for the District of South Carolina. For the reasons set forth herein, Knight's attempted removal is improper, and the matter is remanded to the South Carolina Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation.

**FACTUAL BACKGROUND**

Knight initially filed this action solely as a *qui tam* action. (*See generally* Dkt. No. 1.) Subsequent to a hearing on October 9, 2015, Magistrate Judge Mary Gordon Baker

---

[1] This filing was stamped received by the Clerk on October 14, 2016. (*See* Dkt. No. 89 at 1 of 8; Dkt. No. 89-2 at 1 of 2.) For unknown reasons, it was not actually docketed until October 24, 2016.

1

recommended–on January 5, 2016–that the instant action be dismissed without prejudice because Knight cannot proceed *pro se* on such a claim. (*See* Dkt. No. 27.) On January 4, 2016, the day before this Report and Recommendation was issued, Knight filed an Amended Complaint. (Dkt. No. 26.)

In addition to his *qui tam* claim, Knight's Amended Complaint appeared to contain claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 31 U.S.C. § 3730(h). (*See generally* Dkt. No. 26.) These additional claims arose out of a "Disciplinary Action" by the "South Carolina Contractor's Board" against Knight. (*See* Dkt. No. 26 at 3 of 8.) Knight alleged this "Disciplinary Action" against him was in retaliation for his *qui tam* action. (*Id*. at 3-4 of 8.) In his Amended Complaint, Knight stated,

> Since filing of the QUI TAM and the events which were ripe for [I]ts filing, the South Carolina Contractor's Board has now begun a Disciplinary Action, based upon an "*anonymous complaint*" against Plaintiff Knight and has been ordered to appear on January 21, 2016 before the Contractor's Board . . . .

(Dkt. No. 26 at 3 of 8.)

Knight attached two documents to his Amended Complaint: (a) a "Notice of Complaint" dated January 9, 2015, and (b) a letter dated October 28, 2015, from the South Carolina Contractor's Licensing Board to Knight. (Dkt. No. 26-1.) The "Notice of Complaint" indicates that Mr. Roger Lowe filed a complaint against Construction Group, LLC (Knight's limited liability company). (Dkt. No. 26-1.) The Notice states, *inter alia*,

> Listed are the particulars of a complaint filed against you for failing to disclose judgments on your 2014 renewal application. Please submit a written response addressing each of the items in the complaint within ten (10) days from receipt of this letter. . . .
>       **1. Section 40-11-110(A-4)** fraud or deceit in obtaining a license or certification
> . . .
> The results of my investigation will be submitted to an Investigative Review Committee (IRC) for review to determine if you have violated any of the provisions of the license law with regard to building code or standards violations. If you have satisfactorily addressed and/or repaired the items that represent violations, prior to my inspection or filing of the IRC report, that fact will be taken into consideration by the IRC as long as proper documentation is received by this office.

2

(Dkt. No. 26-1 at 2 of 2.)

The October 28, 2015 letter from the South Carolina Contractor's Licensing Board to Knight states, *inter alia*,

> Your renewal application received on October 21, 2015 has been tentatively renewed pending final approval from the board due to answers given on your renewal application. Therefore, please be advised that you have been scheduled to appear before the South Carolina Contractor's Licensing Board at its next meeting scheduled on **Thursday, January 21, 2016 at 10:00 A.M., Room 105**, Kingstree Building, 110 Centerview Drive, Synergy Business Park, Columbia, SC 29210.
>
> . . . .
>
> You may present any documents and character witnesses that you deem appropriate to support your request for licensure. . . . Please remember that you have the burden of proof that you have met the licensure requirements.

(Dkt. No. 26-1 at 1 of 2.)

Knight was given an extension of time to file objections to Judge Baker's Report and Recommendation dated January 5, 2016, such that his objections were due by April 1, 2016. (*See* Dkt. No. 35; *see also* Dkt. No. 31.) Instead of filing objections,[2] on March 22, 2016, Knight filed a Motion to Stay and Motion to Amend. (Dkt. No. 38.) Knight's Motion to Stay and Motion to Amend were referred to Magistrate Judge Mary Gordon Baker. (Dkt. No. 41.)

In an Order dated October 27, 2016, Judge Baker granted Knight's Motion to Amend; ordered that his Second Amended Complaint be docketed by the Clerk; and unsealed the case. (Dkt. No. 92; Dkt. No. 94.) In that same filing, Judge Baker recommend granting the United States' Motion to Dismiss "Count VI" of the Second Amended Complaint and *sua sponte* dismissing Knight's *qui tam* claim. (*See generally* Dkt. No. 92.)[3]

---

[2]The Report and Recommendation of January 5, 2016, was vacated on October 27, 2016. (*See* Dkt. No. 27; Dkt. No. 91.)

[3]Judge Baker's Report and Recommendation dated October 27, 2016 is still pending; objections to that Report and Recommendation are due November 14, 2016. (*See* Dkt. No. 92.)

3

Meanwhile, Knight filed a document he entitled a "Notice of Removal." (*See generally* Dkt. No. 89.)[4] In this filing, Knight states that he "has been made a Respondent[] in a **Formal Complaint** . . . brought against him by the State of South Carolina, the Department of Labor Licensing & Regulation as the Contractor's Licensing Board (SCLLR-CLB)." (Dkt. No. 89 at 1-2 of 8.) Knight states (verbatim),

> The Plaintiff, Bobby Knight's [CLB License No. 14035] hereby files this **Notice of Removal** of the SCLLR-CLB Formal Complaint; a civil action from the State of South Carolina (SC LLR) Contractor's Licensing Board to the U.S. District Court for the District of South Carolina, Charleston Division. The SCLLR-CLB's NOTICE OF FINAL ORDER HEARING . . . has been set before the Board at 10:00 AM\* (\**hearing times are subject to change: you will be notified if the time is changed*) on Thursday, October 20th, 2016 at 110 Centerview Drive, Kingstree Building Room 105, in Columbia, South Carolina. This hearing\* of this Formal Complaint is statutory with the authority given under the South Carolina Administrative Procedures ACT, S.C. Code Ann. § 1-23-310, et seq. (1976, as amended).

(Dkt. No. 89 at 2 of 8.)

## DISCUSSION

Knight's attempted removal of Case No. 2015-5, *IN THE MATTER OF: CONSTRUCTION GROUP LLC, License No. CLG. 103920, and N. Bobby Knight, License No. CQG. 14035*, from the South Carolina Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation to the United States District Court for the District of South Carolina is improper. Knight attached a "Notice of Final Order Hearing" to his Notice of Removal. (*See* Dkt. No. 89-1 at 2-7 of 8.) This "Notice of Final Order Hearing," dated September 14, 2016, states that the South Carolina Contractor's Licensing Board (the "Board") "will consider the attached Hearing Officer's Recommendation from the evidentiary Hearing held on September 9, 2016." (Dkt. No. 89-1 at 2 of 8.) The Notice further indicates the "Final Order Hearing" in Case No. 2015-5 "will be held at 10:00 A.M. on Thursday, October 20th, 2016" in Columbia, South Carolina. (*Id*.) The Notice continues as follows:

---

[4] As noted above, this filing was stamped received by the Clerk on October 14, 2016 but was not docketed until October 24, 2016. (*See supra* n. 1.)

> The Board will consider the Hearing Officer's Recommendation for the purpose of determining its action thereon. Hearings are held in accordance with the South Carolina Administrative Procedures Act, S.C. Code Ann. § 1-23-310, *et seq*. (1976, as amended), which describes your procedural rights. You have the right to be represented by counsel in this matter to more fully understand, protect, and assert your legal rights. Testimony and discussion is limited to the evidence presented in the September 9, 2016 Hearing. The Board may accept, reject, or revise the Hearing Officer's Recommendation. A written Final Order will be issued to Respondent(s) and counsel, if any, stating the final decision of the Board and disciplinary action, if any, to be administered.

(Dkt. No. 89-1 at 2 of 8.)[5]

Knight also attached the "Hearing Officer's Recommendation" (hereinafter the "Recommendation"), dated September 9, 2016. (*See* Dkt. No. 89-1 at 4-7 of 8.) According to the Recommendation, the Notice of Hearing and Formal Complaint were served upon Knight on July 28, 2016. (*See* Dkt. No. 89-1 at 4 of 8.) The Recommendation further states,

> Respondent Construction Group LLC and Respondent N. Bobby Knight, qualifying party for Construction group LLC, did not appear and were not represented by counsel. O'Linda Mack, Administrative Assistant with the Office of Disciplinary Counsel, testified that she served the Respondents [(including Knight)] at the address of record via certified and regular mail on July 28, 2016. She testified that the green card for the certified mail was not returned, but neither was the certified mail envelope. Further, the regular mail envelope was also not returned. The Hearing Officer determined that there was proper service of the Notice of Hearing and Formal Complaint to the Respondents at the address of record and the hearing was allowed to proceed without the Respondents present.

(Dkt. No. 89-1 at 4 of 8.) The Hearing Officer recommended that:

> 1. Respondent, Construction Group, LLC, licence number CLG.103920 and Respondent, N. Bobby Knight, qualifying party certificate number CQG.14035 shall be publicly reprimanded.
>
> 2. Respondents shall pay a total penalty of Two Thousand, Five Hundred Dollars ($2,500.00) for the three (3) violations and investigative costs of Two Hundred Dollars ($200.00) for a total penalty of Two Thousand, Seven Hundred Dollars ($2,700.00), to be paid within thirty (30) days of the Board's Final Order.
>
> 3. Respondent's licence number CLG.103920 and Respondent's qualifying certificate number CQG.14035 shall not be renewed for the 2016-2018 renewal period until the Respondents appear for a renewal application hearing before the

---

[5]Based on the filings to date in the case *sub judice*, there is nothing to indicate that a Final Order has been issued.

5

> Board for a determination of the status of the judgment dated January 4, 2013, and an explanation of Respondents' efforts to pay the judgment or repay the bonding company.
>
> 4. If Respondents fail to follow the terms of the Board's Final Order, the Board may issue an order suspending the Respondent's licence and Respondent's qualifying party certificate pending compliance with the Board's Final Order. Further, failure to comply with the terms of the Board's Final Order may affect renewal and/or reinstatement of Respondents' license and qualifying party certificate.

(Dkt. No. 89-1 at 7 of 8.)

In his Notice of Removal, Knight states that he removes Case No. 2015-5 pursuant to 28 U.S.C. § 1332. (Dkt. No. 89 at 3 of 8.) Presumably Knight asserts the amount in controversy is in excess of $75,000.00; as to the "citizenship of the parties," Knight states (verbatim),

> The record shows that Bobby Knight is a citizen and resident of Charleston County, South Carolina. See 28 U.S.C. § 1332(a). The State uses this U.S. District Courts order to find a foundation. The United States of America is a party as a plaintiff and a defendant and can only be subjected to the Courts of the United States of America . . . . . . and further; The record at U.S. District Court 2:15-CV-03199 DCN that the State of South Carolina, its Board and Agencies are subject to this U.S. District Court jurisdiction for Declaratory and Injunctive Relief to Mr. Knight. See § 1332(a) and §§ 1441(c)(1)(a) Removal of Civil Actions to U.S. District Courts. Under these circumstances, there is complete diversity of citizenship among these parties captioned in the U.S. District Courts pending matter. This State cannot claim a sovereign immunity from this U.S. District Court.

(Dkt. No. 89 at 4 of 8.)

Title 28, United States Code, Section 1447(c) states, in relevant part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *Cooper v. Productive Transp. Servs., Inc. (In re Bulldog Trucking, Inc.)*, 147 F.3d 347, 352 (4th Cir. 1998) (citations omitted). Because federal courts have limited subject matter jurisdiction, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) (citation omitted). Accordingly, a federal

6

court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352 (citations omitted); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. As noted above, Knight appears to assert this Court has jurisdiction over Case No. 2015-5, *IN THE MATTER OF: CONSTRUCTION GROUP LLC, License No. CLG. 103920, and N. Bobby Knight, License No. CQG. 14035*, pursuant to 28 U.S.C. § 1332. (*See* Dkt. No. 89 at 3-5 of 8.) The diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978); *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990))).

Based upon the filings in Case No. 2015-5, *IN THE MATTER OF: CONSTRUCTION GROUP LLC, License No. CLG. 103920, and N. Bobby Knight, License No. CQG. 14035*, it does not appear that complete diversity of citizenship exists. Knight is a citizen of South Carolina. (*See* Dkt. No. 89 at 4 of 8.) To the extent there is a party in Case No. 2015-5 besides Knight or Construction Group LLC, that party is either not a "citizen" for purposes of diversity jurisdiction, or is a citizen of South Carolina, meaning complete diversity does not exist. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *see also Moor v. Alameda County*, 411 U.S. 693, 717-21 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction. . . . At the same time, however, this Court has recognized that a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes. . . . We do not lightly reject the Court of Appeals' previous conclusion that California counties are merely part of the State itself and as such are not citizens

of the State for diversity purposes. But in light of both the highest state court's recent determination of the corporate character of counties and our own examination of relevant California law, we must conclude that this County has a sufficiently independent corporate character to dictate that it be treated as a citizen of California . . . ."); *Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 F. App'x 854, 854 (4th Cir. 2012) ("The presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction." (citations omitted)).

As there is no diversity jurisdiction in Case No. 2015-5, the propriety of removal depends upon whether this case falls within "federal question" jurisdiction as set forth in 28 U.S.C. § 1331. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If the claims in Case No. 2015-5 do not "aris[e] under the Constitution, laws, or treaties of the United States," remand is proper. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting 28 U.S.C. § 1331). "The vast majority of lawsuits 'arise under the law that creates the cause of action.'" *Id.* (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). As to Case No. 2015-5, it appears South Carolina law created the cause of action, as the proceedings were brought pursuant to South Carolina Code §§ 40-11-90, 40-1-90, 40-1-70(6), and the provisions of the Administrative Procedures Act, S.C. Code Ann. § 1-23-10 *et seq.*, and Knight and Construction Group LLC were charged with "violat[ing] S.C. Code Ann. §§ 40-11-110(A)(1) and (4) and 40-1-110(1)(f) (1976, as amended)." (*See* Dkt. No. 89-1 at 4 of 8.)[6]

When the causes of action are created by state law, the "inquiry does not end there."

---

[6]Based upon a review of the Hearing Officer's Recommendation in Case No. 2015-5, the crux of Knight's dispute with the Board arises out of Knight's July 18, 2014 answer of "no" to the following question on his licence renewal application for 2014-2016 for the general contracting licence: "[S]ince your last application or renewal of your license, do you have any outstanding monetary judgments related to construction?" (Dkt. No. 89-1 at 5 of 8.) According to an Investigator for the South Carolina Department of Labor, Licensing and Regulation, Knight's answer to this question was false due to the January 7, 2013 judgment entered against Construction Group LLC in *Atlantic Electric LLC v. Construction Group LLC*, Civ. A. No. 2:12-00107-RMG. (*See* Dkt. No. 89-1 at 5 of 8; *see also* Dkt. No. 70 in Civ. A. No. 2:12-00107-RMG.)

*Dixon*, 369 F.3d at 816. Instead, the court must determine "whether [the] case is within the 'small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." *Id*. (quoting *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996)). As stated in *Dixon*,

> [A] case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law, but only [if] . . . the plaintiff's right to relief *necessarily depends* on a *substantial* question of federal law. Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

*Dixon*, 369 F.3d at 816 (emphasis in original) (internal quotation marks and citations omitted).

A plaintiff's right to relief necessarily depends on a question of federal law when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 13 (1983); *see also Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 183 n.8 (4th Cir. 2014) ("To serve as an adequate basis of federal question jurisdiction, a federal issue implicated by a state law cause of action must also be 'actually disputed,' 'substantial,' and 'capable of resolution in a federal court without disrupting the federal-state balance' of power." (citing *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013))). "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (citing *Franchise Tax Bd.*, 463 U.S. at 13-14; *Dixon*, 369 F.3d at 817). As noted in *Pinney*,

> This principle is illustrated in *Franchise Tax Board*. There, the Supreme Court found no substantial federal question when a California tax agency attempted to enforce a levy on funds held in trust for several taxpayers under an ERISA-covered benefit plan. 463 U.S. at 13–14, 103 S.Ct. 2841. The claim did not necessarily depend on a resolution of federal law because "California law establishe[d] a set of

9

> conditions, without reference to federal law, under which a tax levy may be enforced; federal law bec[ame] relevant only by way of a defense to an obligation created entirely by state law, and then only if [the state agency] ha[d] made out a valid claim for relief under state law." *Id*. at 13, 103 S.Ct. 2841. "[I]t has been well-settled law," the Court noted, "that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id*. at 14, 103 S.Ct. 2841.

*Pinney*, 402 F.3d at 442-43.

Turning to Case No. 2015-5, the claims therein do not necessarily depend on a question of federal law. Instead, the case is a simple dispute concerning whether Knight and Construction Group LLC "violat[ed] . . . S.C. Code Ann. §§ 40-11-110(A)(1) and (4) and 40-1-110(1)(f) (1976, as amended)." (Dkt. No. 89-1 at 4 of 8.) While Knight contends, in the case *sub judice*, that various state officials are retaliating against him due to his *qui tam* case, (*see* Dkt. No. 26 at 3-4 of 8), that alleged retaliation is simply not at issue in Case No. 2015-5. What is at issue in Case No. 2015-5 is whether Knight (a) violated South Carolina Code § 40-11-110(A)(1) in "fail[ing] to disclose judgments and claims on a license application, and a subsequent discovery of facts which, if known at the time of the issuance or renewal of a license or certificate, would have been grounds to deny the issuance or renewal of a licence or certificate"; (b) violated South Carolina Code § 40-11-110(A)(4) in "committ[ing] deceit in obtaining a licence or certification"; and (c) violated South Carolina Code § 40-1-110(1)(f) in "committ[ing] a dishonorable, unethical, or unprofessional act that was likely to deceive the public by submitting an incorrect renewal application." (Dkt. No. 89-1 at 6 of 8.) Whether Knight committed those violations does not necessarily depend on a question of federal law. Accordingly, the case Knight attempts to remove, Case No. 2015-5, does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In sum, because neither diversity jurisdiction nor federal question jurisdiction exists as to Case No. 2015-5, this Court lacks subject matter jurisdiction over that case, and Case No. 2015-5 is remanded back to the South Carolina Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation.

**CONCLUSION**

It is therefore ORDERED, for the foregoing reasons, that Case No. 2015-5, *IN THE MATTER OF: CONSTRUCTION GROUP LLC, License No. CLG. 103920, and N. Bobby Knight, License No. CQG. 14035*, is remanded to the South Carolina Contractor's Licensing Board of the South Carolina Department of Labor, Licensing and Regulation.

AND IT IS SO ORDERED.

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

November 3, 2016
Charleston, South Carolina