IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bobby Knight, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:15-cv-03199-DCN |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jeh Charles Johnson, *Department of Homeland Security Secretary*, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Bobby Knight's ("Knight") motion entitled "Plaintiff's FRCP 60 & FLC/Brief Motion & Notice of." ECF. No. 203. For the reasons set forth herein, the court denies Knight's motion.

This case has a long history, beginning back in 2015, that need not be repeated here in totality. Knight initially filed this action solely as a qui tam action. ECF No. 1. Subsequent to a hearing held on October 9, 2015, Magistrate Judge Mary Gordon Baker recommended–on January 5, 2016–that Knight's case be dismissed without prejudice, because Knight cannot proceed pro se on a qui tam claim. ECF. No. 27. On January 4, 2016, the day before this Report and Recommendation ("R&R") was issued, Knight filed an Amended Complaint. ECF. No. 26.

In addition to his qui tam claim, Knight's Amended Complaint appears to contain claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 31 U.S.C. § 3730(h). ECF. No. 26. These additional claims arose out of a "Disciplinary Action" by the "South Carolina Contractor's Board" against Knight. ECF. No. 26 at 3. Knight alleges this "Disciplinary Action" against him was in retaliation for his qui tam action. Id. at 3–4. Knight was given an extension of time to file objections to the R&R dated January 5, 2016, such that his objections were due by April 1, 2016. ECF. Nos. 31, 35. Instead of

1

filing objections,[1] on March 22, 2016, Knight filed a Motion to Stay and Motion to Amend. ECF. No. 38.

In an Order dated October 27, 2016, Magistrate Judge Baker granted Knight's Motion to Amend; ordered that his Second Amended Complaint be docketed by the Clerk; and unsealed the case. ECF. Nos. 92, 94. In that same filing, Judge Baker recommended granting the United States' Motion to Dismiss "Count VI" of the Second Amended Complaint and sua sponte dismissing Knight's qui tam claim. ECF. No. 92.[2] The clerk docketed Plaintiff's Second Amended Complaint in accordance with Judge Baker's instructions. ECF. No. 94. On November 21, 2016, the court adopted Judge Baker's R&R dated October 27, 2016; accordingly, Knight's qui tam claim was dismissed as of November 21, 2016. ECF. No. 107.

On December 21, 2016, Defendants Chenega Security, Inc. and John Thorpe filed an Answer. ECF. No. 110. Between January 11, 2017 and January 19, 2017, Defendants Atlantic Electric LLC, Michael Richardson, George Skip Aldrich, Michael Glazier, Jeh Charles Johnson, Robert J. Papp, Jr., South Carolina State Department of Labor Licensing and Regulation, Lewis M. Caswell, James E. Lady, Daniel B. Lehman, Kimberly L. Lineberger, Bill Neely, Jamie C. Patterson, Legrande Richardson, Jr., W. Franklin Walker, and Nikki R. Haley filed dispositive motions. ECF. Nos. 125, 129, 134, 135, 136. On or about February 14, 2017, Plaintiff filed a Motion for Summary Judgment. ECF. No. 149.

On July 7, 2017, Magistrate Judge Baker issued an R&R recommending granting the dispositive motions filed by Defendants Atlantic Electric LLC, Michael Richardson, George Skip Aldrich, Michael Glazier, Jeh Charles Johnson, Robert J. Papp, Jr., South

---

[1] The R&R of January 5, 2016, was vacated on October 27, 2016. ECF. Nos. 27, 91.
[2] The R&R contained a typographical error; it referred to "Count VI" of the Second Amended Complaint, when the United States sought to dismiss—and the Magistrate Judge analyzed—"Count IV" of the Second Amended Complaint. ECF. Nos. 71, 92.) Because the Report and Recommendation erroneously referred to "Count VI," the Order on the Report and Recommendation did the same. See ECF. No. 107; see also ECF. No. 92. The portion of Plaintiff's Second Amended Complaint that was dismissed was Plaintiff's request for a special prosecutor. See ECF. No. 92 at 11-12, ECF. No. 107.

Carolina State Department of Labor Licensing and Regulation, Lewis M. Caswell, James E. Lady, Daniel B. Lehman, Kimberly L. Lineberger, Bill Neely, Jamie C. Patterson, Legrande Richardson, Jr., W. Franklin Walker, and Nikki R. Haley. ECF. No. 179. She also recommended denying Knight's Motion for Summary Judgment. ECF. No. 179. On August 10, 2017, the court adopted that recommendation,[3] denying the Knight's Motion for Summary Judgment and granting the dispositive motions filed by Defendants Atlantic Electric LLC, Michael Richardson, George Skip Aldrich, Michael Glazier, Jeh Charles Johnson, Robert J. Papp, Jr., South Carolina State Department of Labor Licensing and Regulation, Lewis M. Caswell, James E. Lady, Daniel B. Lehman, Kimberly L. Lineberger, Bill Neely, Jamie C. Patterson, Legrande Richardson, Jr., W. Franklin Walker, and Nikki R. Haley. ECF. No. 186.

On August 15, 2017, Knight filed a Motion to Reconsider the court's Order of August 10, 2017; that motion was denied on September 13, 2017. ECF. Nos. 189, 194. On October 2, 2017, he filed another Motion for Reconsideration, which was denied on October 6, 2017. ECF. Nos. 199, 201. On or about October 10, 2017, Knight filed the instant motion entitled "Plaintiff's FRCP 60 & FLC/Brief Motion & Notice of." ECF. No. 203.

> Knight's motion is, like many of his filings, difficult to understand. He states:
>
> The District Court **CAN** use the Federal Law Center (FLC) Nonprisoner Case Management to perform the following tasks in the best interest of justice and to **GRANT** Plaintiff Knight his **Right as a Citizen to Redress his Grievances** to the federal government by NOT DENYING **Access to the Courts**.
> a. **TO: REDACT** all previous Court's Orders and to re-litigate the Plaintiff's pleadings as filed as there was more options than those previously Ordered to obtain an attorney; and
> b. **TO: Appoint** Plaintiff Knight a *volunteer pro bono attorney* as there are material facts and evidence provided the Court as required of a Qui Tam Whistleblower case; and

---

[3] Although not in accordance with the Magistrate Judge's recommendation, the undersigned also dismissed Legrande Richardson as a defendant. (ECF. No. 186.)

> c. **TO: Grant** Plaintiff Knight a Court Order directed to and instructing the appointed volunteer pro bono attorney to perform in an <u>*unbound representation capacity*</u> . . . to include, his/her being able to be awarded all costs and attorney fees; and
> d. **TO: Clarify** that the term "pro se" in Black's dictionary is a Latin term meaning "on one's own behalf" . . . a Court Administration hired Pro Se Law<u>yer</u> acting like a <u>***Ghostwriter***</u> who anonymously and even unknown to EACH INDIVIDUAL OF the Court's pro se filers, this Law<u>yer</u> acts and bundles ALL pro se litigants into one Class--and by doing so in secret without an appearances crosses the ethical and procedural boundaries set by Congress and the Courts by presidents have limited on true pro se's. *See* **U.S. § 1927**.

ECF. No. 203 at 2–5 of 6 (footnote omitted).

To the extent Knight is requesting that counsel be appointed for him, that request is denied. The court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e); <u>Smith v. Blackledge</u>, 451 F.2d 1201, 1203 (4th Cir. 1971). Here, there is nothing indicating that Plaintiff is indigent, as he is not proceeding <u>in forma pauperis</u>. <u>See</u> Receipt No. SCX200012658 (DSC); ECF. No. 1. Additionally, "[t]here is not a constitutional right to appointed counsel in a civil case." <u>Lyles v. Signal</u>, 122 F.3d 1061 (4th Cir. 1997) (unpublished table decision); <u>see also</u> <u>Underwood v. Beavers</u>, 711 F. App'x 122, 123 (4th Cir. 2017) (unpublished table decision) ("[C]ivil litigants have no constitutional right to counsel. . . ."), <u>Lavado v. Keohane</u>, 992 F.2d 601, 605–06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right."). Specifically, "[t]here is no statutory or case law authority for the appointment of counsel at public expense in a <u>qui tam</u> action." <u>U.S. ex rel. Schwartz v. TRW Inc.</u>, 118 F. Supp. 2d 991, 996 (C.D. Cal. 2000). However, the court may appoint counsel when exceptional circumstances exist. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individuals bringing it." <u>Brock v. City of Richmond</u>, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision). "To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to

articulate the claims pro se in light of the complexity of the legal issues involved."
Williams v. Dep't of Corr., 2013 WL 3305485, at *2 (W.D. Wash., 2013).

Here, the appointment of counsel is not warranted. Knight is fully able to litigate—and in fact has litigated—his own claims, but he seeks the appointment of counsel because he is unable to proceed pro se on his qui tam claim. Knight, however, lacks a personal interest in a qui tam claim. As there are no exceptional circumstances in the case here, the court denies Knight's request for the appointment of counsel.

To the extent Knight seeks relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, the undersigned discerns no basis for such relief. Rule 60 provides, in relevant part:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > **(1)** mistake, inadvertence, surprise, or excusable neglect;
> > **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > **(4)** the judgment is void;
> > **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60.

Although Knight cites to Rule 60 of the Federal Rules of Civil Procedure, it is not clear whether he seeks relief pursuant to Rule 60(a) or Rule 60(b). Rule 60(a) applies when "the court intended one thing but by merely clerical mistake or oversight did another." Dura-Wood Treating Co. v. Century Forest Indus., Inc., 694 F.2d 112, 114 (5th Cir. 1982). The key difference between Rule 60(a) clerical mistakes and others is that

> the former consist of blunders in execution whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Rhodes v. Hartford Fire Ins. Co., 548 F. App'x 857, 859–60 (4th Cir., 2013). To the extent Knight seeks relief pursuant to Rule 60(a), he has not identified a clerical mistake or mistake arising from oversight or omission and is therefore not entitled to relief pursuant to Rule 60(a).

To the extent Knight seeks relief pursuant to Rule 60(b), the court likewise concludes he is entitled to no relief. Knight has not set forth any facts or argument to bring his motion within the purview of Rule 60(b)(1), Rule 60(b)(2), Rule 60(b)(3), Rule 60(b)(4), or Rule 60(b)(5). He may be seeking relief pursuant to Rule 60(b)(6), but "to be entitled to Rule 60(b)(6) relief, the movant must demonstrate 'extraordinary circumstances.'" Aikens v. Ingram, 652 F.3d 496, 510 (4th Cir. 2011) (quoting Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n.2 (4th Cir. 2000)). Knight has not set forth any exceptional circumstances; instead, it appears he simply wishes to "re-litigate" matters already decided. ECF. No. 203 at 4. Plaintiff is therefore not entitled to relief pursuant to Rule 60(b). See United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b).").

## CONCLUSION

For the foregoing reasons, the court **DENIES** Knight's motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 22, 2018**
**Charleston, South Carolina**